## J. S. READ *vs.* CITY OF CAMBRIDGE.

Middlesex. Jan. 8. — March 17, 1879. COLT & ENDICOTT, JJ., absent.

Under the St. of 1872, *c.* 299, authorizing the city of Cambridge to fill lands to ›
certain grade to abate a nuisance, and providing that any person dissatisfied
with the assessment of the expense of raising his land may give notice thereof
to the city, and the city shall thereupon take said land, and that the damage
done by such taking may be assessed by a jury, the owner of land so taken is
entitled to recover the entire value of the land taken, without any deduction
on account of mortgages and liens thereon.

PETITION to the county commissioners for a jury to assess damages for the taking by the respondent of four lots of land in the Franklin Street District, so called, in Cambridge, under the St. of 1872, *c.* 299.*

At the trial before a sheriff's jury, it appeared that the grade of each lot had been raised by the respondent under said act; that the expense thereof was assessed to the petitioner, who, being dissatisfied with the assessment, surrendered " all his said estate in said district " to the respondent; that the respondent thereupon passed an order, setting forth that J. S. Read claimed " to be entitled to an estate " in the lots of land, describing them by metes and bounds, and concluding as follows: " It is therefore ordered that the estate of the said J. S. Read in the above-described lots of land be and the same is hereby taken, pursuant to the provisions of said act."

It further appeared that, at the time of the taking, the peti-

---

* The provisions of this act are stated *post,* p. 439.

tioner was in possession of the four lots, which were subject to certain mortgages, containing powers of sale, and that one lot had ·been assessed by the city for the cost of making a public sewer, for the non-payment of which, the lot was, after the surrender, and on the day of the taking, offered for sale by the city collector, and, no one bidding thereon, was conveyed by him, for the assessment and costs, to the respondent.

The sheriff ruled, against the respondent's objection, that the petitioner's damages were to be assessed as of the value of the fee in the lots of land, without regard to the incumbrances upon them. The jury returned a verdict for the petitioner accordingly. In the Superior Court, the verdict was accepted; and the respondent appealed to this court.

*J. W. Hammond*, for the respondent.

*C. T. Russell & C. T. Russell, Jr.*, for the petitioner.

BY THE COURT. This case is governed by *Farnsworth* v. *Boston*, *ante*, 1. In every taking of land for the public use, the mortgagor is regarded, in this Commonwealth, as having, at law, the entire estate in the premises, and entitled to recover the whole value thereof, estimated according to the provisions of the statute, without any deduction on account of the mortgages and liens thereon.                         *Judgment affirmed.*